IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AZANIAH BLANKUMSEE,      *

    Petitioner      *

    v      *      Civil Action No. DKC-19-175

PAUL W. GRIMM,      *

    Respondent      *

**MEMORANDUM OPINION**

Pending is self-represented Petitioner Azaniah Blankumsee's Petition for Writ of Mandamus, in which he names the Honorable Paul W. Grimm, a member of the bench of this court, as Respondent. Mr. Blankumsee signed the Petition as an "affidavit or certificate of good faith." ECF No. 1 at 6. Mr. Blankumsee filed this Petition without the filing fee or a motion for leave to proceed *in forma pauperis*. Requiring him to correct this deficiency, however, would serve only to delay resolution of this matter.

**BACKGROUND**

Mr. Blankumsee, who is incarcerated at Eastern Correctional Institution in Westover, Maryland, is a frequent pro se litigant in the District of Maryland.[1] In this Petition, he asks that

---

[1] *See e.g. Blankumsee v. Judge Donald Beachley,* Civil Action No. PWG-18-3415 (assigning Mr. Blankumsee a first "strike" pursuant to 28 U.S.C. § 1915); *Blankumsee v. Washington County Circuit Court*, Civil Action No. PWG-18-1509 (D. Md. June 25, 2018), *aff'd as modified*, No. 18-6827 (4th. Cir. December 13, 2018), *petition for cert. filed*, No. 18-7407 (January 14, 2019); *Blankumsee v. State of Maryland*, Civil Action No. PWG-18-354 (D. Md. March 28, 2018); *Blankumsee v. Foxwell*, Civil Action No. PWG-18-106 (D. Md. 2019), *appeal filed*, No. 19-6133 (4th. Cir. January 24, 2019); *Blankumsee v. Washington County Circuit Court*, Civil Action No. PWG-17-2049 (D. Md. July 5, 2017); *Blankumsee v. Graham*, Civil Action No. PWG-16-3436 (D. Md. March 28, 2018); *Blankumsee v. Maryland Department of Public Safety and Correctional Services*, Civil Action No. PWG-16-2801(D. Md. September 8, 2017), *affirmed in part, dismissed in part* No. 17-7329 (4th Cir. June 25, 2018); *Blankumsee v. Buck*, Civil, Action No. PWG-15-3495 (D. Md. February 22, 2018); *Blankumsee v. Galley*, Civil Action No. PWG-15-837 (D. M.D.

the Judge Grimm recuse himself "concerning any and all of plaintiff's cases, and that a fair and impartial judge is assigned…." ECF No. 1 at 1. Mr. Blankumsee states that he has filed 12 cases in this court which were decided by Judge Grimm and none resulted in dispositions in his favor.[2] ECF No. 1 at 2. He also asserts that Judge Grimm denied his motion for appointment of counsel in *Blankumsee v. Buck*, PWG-15-3495, even though Judge Grimm recognized that Mr. Blankumsee suffers from mental illness. Further, he complains that Judge Grimm has required him to submit partial payments toward the filing fee in cases where he is granted leave to proceed *in forma pauperis*, which Mr. Blankumsee analogizes to the improper imposition of bail. ECF No. 1 at 5. Lastly, Mr. Blankumsee alleges that cases he has presented with identical issues have, after consideration by other judges, proceeded to trial, whereas his cases before Judge Grimm were dismissed or summary judgment granted in favor of Defendants. ECF No. 1 at 4. Notably, Mr. Blankumsee does not provide the case numbers, the issues presented, or other identifying information to consider this conclusory and unsubstantiated assertion.

---

January 21, 2016), *mandamus denied,* No. 17-7329 (4th Cir. May 29, 2018); *Blankumsee v. Shearin*, Civil Action No. PWG-13-2658 (D. Md. August 4, 2014); *Blankumsee v. Department of Corrections*, Civil Action No. PWG-13-2507 (D. Md. July 22, 2014); *Blankumsee v. Department of Corrections*, Civil Action No. PWG-13-1751 (D. Md. July 29, 2013); *Blankumsee v. Washington County*, Civil Action No. PWG-13-1750 (D. Md. July 24, 2013); *Blankumsee v. Washington County, Maryland Office of States Attorney*, PWG-13-970 (D. Md. May 2, 2013). None of these actions has resulted in a disposition in favor of Blankumsee, and several were dismissed before service. Mr. Blankumsee's Petition for a Writ of Habeas corpus pursuant to 28 U.S.C. § 2254 was denied in *Blankumsee v. Graham*, Civil Action No. PWG-16-3436 (D. Md. 2019). Additionally, he has three other cases under review, *Blankumsee v Department of Public Safety and Correctional Services*, PWG-19-179 (filed January 24, 2019); *Blankumsee v. Foxwell*, Civil Action No. 19-12 (January 2, 2019); and *Blankumsee v. Foxwell,* Civil Action No. PWG-18-2110 (28 U.S.C. §2254 Petition).

[2] Mr. Blankumsee refers to footnote 2 in *Blankumsee v. Beachley*, Civil Action No. 18-3415, which listed his cases as of December 3, 2018.

This is at least the fifth time Mr. Blankumsee has moved for Judge Grimm's recusal. On April 27, 2017, he filed a Petition for Writ of Mandamus in three separate cases. Civil Action No. PWG-15-3495, ECF No. 44; Civil Action No. PWG-16-2801 ECF No. 30, and Civil Action No. PWG-16-3436, ECF No. 13. In an Order filed on May 2, 2017, Judge Grimm determined that to the extent that Mr. Blankumsee was seeking a writ of mandamus directing the court to act, he must file his Petition in the United States Court of Appeals for the Fourth Circuit, citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Judge Grimm alternatively construed the Petition as a motion for recusal in the three cases, and, on July 13, 2017, denied the recusal motions on procedural and substantive grounds. *See* Civil Action No. PWG-15-3495, ECF No. 33; PWG-16-2801, ECF No. 33, and PWG-16-3436, ECF No. 16.

The United States Court of Appeals for the Fourth Circuit denied Blankumsee's petition for a writ of mandamus seeking recusal and vacatur of cases previously adjudicated by Judge Grimm on May 29, 2018. *In re Azaniah Blankumsee*, No. 17-2415 (4th Cir. May 29, 2018) (on petitions for writ of mandamus PWG-13-2507; PWG-15-837; PWG-16-2801; PWG-16-03436; PWG-17-2049).

Blankumsee filed a motion for recusal in Civil Action No. PWG-18-3415 on December 19, 2018, which Judge Grimm denied on January 2, 2019, as moot because the case had been dismissed and, if not moot, failed to state a basis for recusal. Civil Action No. PWG-18-3415, ECF Nos. 6, 7.

Blankumsee filed in the United States Court of Appeals for the Fourth Circuit a Motion for Writ of Mandamus in the instant case, Civil Action No. PWG-16-3436, and Civil Action No. PWG-18-106 on February 21, 2019. *In re Azaniah Blankumsee*, No. 19-1186 (4th. Cir. docketed February 21, 2019).

## DISCUSSION

As previously explained by Judge Grimm to Mr. Blankumsee, if he intends to pursue a writ of mandamus to direct this court to act on his recusal request, then he must file his Petition in the United States Court of Appeals for the Fourth Circuit. *Cheney*, 542 U.S. at 380 (noting that a writ of mandamus, codified at 28 U.S.C. § 1651(a), is a means by which an appellate court can direct a district court to act).

To the extent Mr. Blankumsee intends the instant Petition to serve as a blanket motion for recusal or disqualification on his pending or future cases, he provides no factual basis to warrant disqualification or recusal. A federal judge must recuse himself or herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th. Cir. 2011) (concluding that judge's opinions formed *during* the proceedings did not necessitate the judge's disqualification) (quoting *Liteky v. United States*, 510 U.S. 540, 545, 551 (1994)). Thus, a judge must recuse himself if an extrajudicial source provides a reasonable factual basis for calling the judge's impartiality into question. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Recusal is not required simply because the judge has issued adverse rulings against a litigant or expressed negative opinions about his case. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Disagreement with the substance of decisions issued by a judge does not provide grounds for recusal; rather, it is a basis for an appeal. "Dissatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Belue*, 640 F.3d at 575 (4th Cir. 2011).

"The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id.; see Liteky*, 510 U.S. at 548 ("[W]hat matters is not the reality of bias or prejudice but its appearance."). Therefore, "the Due Process Clause may sometimes demand recusal even when a judge 'ha[s] no actual bias.'" *Rippo v. Baker*, _U. S. _, 137 S. Ct. 905, 907 (Mar. 6, 2017) (quoting *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 825 (1986)). Recusal may be necessary if, for instance, "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable." *Id*. (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)); *see also Williams v. Pennsylvania*, _ U. S. _, 136 S. Ct. 1899, 1905 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias" (internal quotation marks omitted)).

Mr. Blankumsee takes exception to Judge Grimm's denial of his motion for appointment of counsel in *Blankumsee v. Buck*, PWG-15-3495, arguing that because Judge Grim recognized in his Memorandum Opinion in that case, *Id*. ECF 37 at 10, that Mr. Blankumsee has mental illness, he should have found "exceptional circumstances" to grant appointment of counsel. ECF No. 1 at 2-3. There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). A federal district court judge, may in his or her discretion, appoint counsel under 28 U.S.C. § 1915(e)(1) where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by*

*Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Notably, Mr. Blankumsee did not raise his mental illness as grounds for appointment of counsel. *Blankumsee v. Buck*, PWG-15-3495, ECF 42. Rather, he argued that he was in an isolation cell, unable to retain counsel, and his imprisonment limited his ability to litigate. Mr. Blankumsee's mental illness does not appear to have hindered his capacity to litigate in this court, as evidenced by his numerous filings, a circumstance recognized by Judge Grimm in denying appointment. Specifically, Judge Grimm noted that Mr. Blankumsee's motions and previous filings in *Buck* and other cases demonstrated his ability to articulate the legal and factual basis of his claims or secure meaningful assistance to doing so; thus he determined there were no exceptional circumstances to premise the appointment of counsel. *Blankumsee v. Buck*, PWG-15-3495, ECF No. 45.

Mr. Blankumsee also objects to Judge Grimm "making" him pay the initial filing fee and then ordering the prison to deduct 20% of his funds until the filing fee is fully paid in cases which are dismissed before presented to a jury. ECF No. 1 at 5. Federal courts are *required* by statute to assess an initial partial filing fee and to collect the remainder of the filing fee. 28 U.S.C. § 1915(b)(1)&(2). Blankumsee's assertion provides no cause to find bias or prejudice.

Mr. Blankumsee's disagreement with Judge Grimm's rulings in 12 cases is insufficient to provide grounds for recusal. Importantly, Mr.Blankumsee does not allege, much less demonstrate, the presence of any extrajudicial source involved in these decisions. Further, he suggests no reasonable basis to question the judge's impartiality. Mr. Blankumsee's allegations do not individually or cumulatively provide grounds for judicial disqualification or recusal. His dissatisfaction with decisions in his cases may provide grounds for appeal (and in several instances he has appealed, without success), but not for recusal. To the extent Mr. Blankumsee intends this

filing to serve as a motion for disqualification or recusal, it will be denied. Mr. Blankumsee may pursue his concerns as appropriate on appeal or by pursuint mandamus relief in the United States Court of Appeals for the Fourth Circuit.

## CONCLUSION

For these reasons, the Petition, treated as a motion to disqualify or for recusal, will be denied in a separate Order that follows.


February 26, 2019　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　United States District Judge